■ VICKY M. HOUSE, Respondent, v SUSAN A. GREEN, as Executrix of the Estate of JAMES A. FINNIGAN, Deceased, Appellant. [615 NYS2d 297] —Appeal from an order of the Supreme Court (Coutant, J.), entered May 3, 1993 in Broome County, which, upon reconsideration, granted plaintiff's motion to set aside the prior order of the court granting summary judgment to defendant.

This lawsuit concerns injuries sustained by plaintiff when she allegedly fell on the top step or landing of a home that had been owned by decedent, James A. Finnigan, and occupied at the time by two of decedent's daughters. Plaintiff commenced suit against defendant, who is the executrix of decedent's estate. Although Supreme Court originally granted a motion for summary judgment brought by defendant, upon reconsideration the court vacated this order, finding a question of fact as to, *inter alia,* the issue of notice of an allegedly defective condition. We agree with this ruling. We also find no error with Supreme Court's determination that defendant's failure to raise the affirmative defense of absence of possession and control of the premises constituted a waiver of that issue. Finally, we conclude that Supreme Court did not abuse its discretion in granting plaintiff's motion for reconsideration.

Cardona, P. J., Mikoll, White, Weiss and Peters, JJ., concur. Ordered that the order is affirmed, with costs.

■ LISA MANSFIELD et al., Respondents, v MARK D. PROPER, Appellant. [615 NYS2d 296] —Appeal from an order of the Supreme Court (Bradley, J.), entered September 22, 1993 in Ulster County, which granted plaintiffs' motion to restore the action to the ready trial calendar.

Plaintiffs' negligence action was dismissed by Supreme Court pursuant to CPLR 3404. Subsequently, plaintiffs moved to restore the action to Supreme Court's ready trial calendar. We find no abuse of Supreme Court's discretion to vacate its dismissal in this case. Our review of the record reveals that plaintiffs established that they did not intend to abandon the action and that the action may be meritorious. Further, there is sufficient excuse for the delay and defendant has suffered no prejudice thereby. We therefore affirm.

Mikoll, J. P., Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.